CULLEN *v.* HARRIS.

GARNISHMENT—PROCEEDS OF SALE OF EXEMPT PERSONALTY.

The proceeds of the sale of exempt personal property, designed for investment in other exempt property, to take the place of that sold, are not subject to garnishment in the hands of the purchaser.[1]

Error to Genesee; Wisner, J. Submitted November 10, 1896. Decided December 1, 1896.

Replevin by Ambrose Cullen against William E. Harris. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

Plaintiff contracted to purchase of defendant a yoke of oxen at the stated price of $95, $45 of which was paid down, and it was agreed that the remaining $50 should be paid upon delivery of the oxen, a few days later. Before the time fixed for the delivery and the payment of the remaining portion of the purchase price, plaintiff was garnished by a creditor of Harris. Upon the day fixed for delivery, plaintiff demanded delivery of the oxen; stating that he had been garnished, and stood ready to pay the money upon its being ascertained to whom he should pay it. Defendant refused to deliver the oxen without payment of the $50, and stated at the time to plaintiff that he was selling these oxen for the purpose of procuring a team of horses with the proceeds, to take the place of the oxen. It appeared by the undisputed testimony that defendant was a farmer, and that he had no other team to use in carrying on his business, and that

---

[1] On the question how far proceeds of exempt property retain their exempt character the cases are collected in *Wylie* v. *Grundysen,* (Minn.) 19 L. R. A. 33.

this team of oxen was so used. The circuit judge directed a verdict for the defendant, and plaintiff brings error.

*Zorrie B. House* and *Black & Brown*, for appellant.

*D. E. Adams* and *Ed. S. Lee* (*J. S. Parker*, of counsel), for appellee.

MONTGOMERY, J. (*after stating the facts*). The sole question presented on the record is whether, under the circumstances set out in the statement of facts, the proceeds of the sale of exempt property, designed for investment in other exempt property, to take the place of that sold, are subject to attachment while in the hands of the debtor, kept as a separate fund, or are, before reaching his hands, subject to garnishment. The authorities upon this subject are inharmonious. There are cases holding, as·contended by plaintiff, that the proceeds of the voluntary sale of property exempted from execution are not exempt. *Wygant* v. *Smith*, 2 Lans. 185; *Knabb* v. *Drake*, 23 Pa. St. 489 (62 Am. Dec. 352). The latter case even goes further, and holds that, where property is taken from the owner by proceedings *in invitum*, a judgment recovered for such wrong is subject to garnishment. But this holding is in conflict with the great weight of authority, and it is generally held that in such case, as well as in the case of a loss of exempt property by fire, the proceeds are exempt, at least until such time as the owner has reasonable opportunity to appropriate the proceeds to the purpose of replacing the exempt property wrongfully taken from him, or consumed by fire. See *Cooney* v. *Cooney*, 65 Barb. 524; *Tillotson* v. *Wolcott*, 48 N. Y. 188; *Mudge* v. *Lanning*, 68 Iowa, 641; Rood, Garnishm. § 98; 1 Shinn, Attachm. § 71; Thomp. Homest. & Ex. § 748. It has also been held in various jurisdictions where the rule obtains, as in this State, both as to personal and real property exempt, that the owner has the right to sell or exchange such exempt property,

and that such sale does not result in establishing a lien in favor of the creditor, or render the property, after the sale, subject to levy, that the money derived from the sale of a homestead, designed in good faith to be applied to the purchase of another homestead, and kept separate from other funds for that purpose, is not subject to seizure by creditors. See *Watkins* v. *Blatschinski*, 40 Wis. 347; *State* v. *Geddis*, 44 Iowa, 537; 1 Shinn, Attachm. § 71; Rood, Garnishm. § 97. We can conceive of no reason for distinguishing between the proceeds of exempt personal property and the proceeds of an exempt homestead, and we think the rule of the Wisconsin and Iowa courts in harmony with the liberal interpretation of the exemption laws which has always obtained in this court.

The judgment of the court below will be affirmed.

The other Justices concurred.