NED MAXEY & SON *v.* TINSLEY.

(*Nashville*, December Term, 1933.)

Opinion filed January 27, 1934.

L. A. WEBB, of Celina, for plaintiff in error.

HAILE & RENEAU, of Celina, for defendants in error.

MR. JUSTICE COOK delivered the opinion of the Court.

This appeal involves the claim of plaintiff in error, Tinsley, to the proceeds of exempt chattels voluntarily sold. The cause originated before a justice of the peace and was carried to the circuit court, and, from an adverse judgment in that court, Tinsley appealed and has assigned errors.

It is insisted that the proceeds from the sale of hogs were exempt under section 7701 of the Code as well as under section 7708. The trial judge held the debt subject to execution. It is assumed from statements in the briefs that he grounded his judgment upon the proposition (1) that Tinsley waived his right to the proceeds of the hogs by failure to select the exemption as required by section 7701 of the Code and failure to make and deliver to the levying officer a schedule of the chattels selected for exemption as required by sections 7701 and 7705 of the Code; and (2) that the exemption of stock

hogs from execution cannot be extended to include the proceeds of their voluntary sale.

The facts were stipulated. It was agreed that Ned Maxey recovered a judgment against Tinsley upon which execution was issued and levied by garnishment upon Hamilton, Mayfield & Son, who answered that they purchased five hogs from Tinsley at the price of $21.13, for which they owed him.

· It was further stipulated:

"That on the 27th day of June, 1933, Tommie Tinsley made a voluntary sale of his hogs, 5 in number for a price of $21.13 and that said hogs were exempt under the laws of this State, but that the defendant failed to make out and file with the officer a schedule claiming his exemptions as required by statute and that after the sale of this property he had, and was the owner of only one hog. That he was the head of a family, and engaged in agriculture, and that his reasons for selling said hogs were because they were too large to hold over to make his meat for the following year and that he intended to buy with the proceeds smaller hogs and keep them to make pork for the following year. That at the time of the sale and while the money was still in the hands of the purchaser, that a garnishment was served on C. C. Mayfield."

Section 7701 of the Code exempts from execution personal property of a resident head of a family to the amount of $750 in value, and makes the exemption dependent upon selection in a schedule filed with the levying officer as provided by section 7705. *Parsons* v. *Evans*, 44 Okla., 751, 145 P., 1122, L. R. A., 1915D, 381; *Weskalnies* v. *Hesterman*, 288 Ill., 199, 123 N. E., 314, 4 A. L. R., 128.

To assert a right to the exemption under section 7701 of the Code, it is made the duty of the owner to select the exempt property in the manner required by section 7705, which declares that the failure to select and file the schedule within the given time shall result in waiver of the right of exemption. But section 7701 is not controlling when the right of exemption is that given by section 7708 of the Code, wherein ten stock hogs are specifically exempted to each head of a family engaged in agriculture. Such head of a family would not be required to select if he owned no more than the ten stock hogs.

Section 7708 of the Code allows an exemption of specific chattels without reference to sections 7701 and 7705. It provides that to the head of a family engaged in agriculture there shall be further exempt in his hands the articles therein mentioned, among others, "ten head of stock hogs."

No provision of the Code required affirmative action by Tinsley to preserve the right of exemption to ten or less stock hogs specifically exempted by section 7708. However, the exemptions assured by that section did not extend to the proceeds from their voluntary sale. True in some jurisdictions it is held otherwise. See *Cullen* v. *Harris,* 111 Mich., 20, 69 N. W., 78, 66 Am. St. Rep., 380; *Blackford* v. *Boak,* 73 Or., 61, 143 P., 1136.

But the preponderance of authority is that exemption of the chattel does not extend to money derived from a voluntary sale of the exempt chattel or to nonexempt property received in exchange for exempt property. See 11 R. C. L., p. 530; *Wylie* v. *Grundysen,* 51 Minn., 360, 53 N. W., 805, 19 L. R. A., page 33, note, page 39, 38 Am. St.

Rep., 509. *Dunn* v. *McLeary,* 5 Tenn. Civ. App., 600, though not directly in point, is in accord in its reasoning with the weight of authority.

Affirmed.