GILLETT STATE BANK, Appellant, vs. KNAACK, Respondent.

*October 10—November 9, 1938.*

For the appellant the cause was submitted on the brief of *George Crawford* of Gillett.

For the respondent there was a brief by *Eberlein & McCarthy* of Shawano, and oral argument by *J. R. McCarthy*.

NELSON, J. The facts are stipulated and may be summarized as follows: On October 5, 1937, the defendant, Ella Knaack, a farmer, was the owner of certain personal property, all of which was exempt from execution. Some time

prior to that date, the defendant had owned a farm which had been lost on foreclosure. After losing her farm, she still owned the personal property mentioned, which she intended to use upon another farm to be rented by her, in order to support herself and family. She was, at that time, unable to remove her said personal property to another farm, and because of lack of facilities to care for it, she determined to sell it, and retain the money for the purpose of purchasing like property for use upon the farm which she intended to rent in the immediate future. On October 6, 1937, in pursuance of such determination, the defendant employed the garnishee to sell the said personal property at auction, the garnishee to receive ten per cent of the proceeds as his commission for such services. The personal property sold was exempt from execution. At the time of the commencement of this action there was, in the hands of the garnishee, the sum of $650.71, which represented the net proceeds of the sale of said exempt personal property.

The sole question for decision is whether the proceeds of a voluntary sale of personal property, which is exempt from execution, may or may not be garnisheed. The plaintiff contends that such proceeds are not exempt. The defendant contends that they are. The circuit court held that such proceeds were exempt from execution and therefore not subject to garnishment.

It is clear that in the absence of constitutional or statutory provisions, all of the property of a debtor may be subjected to the payment of his debts. *Williams v. Smith,* 117 Wis. 142, 93 N. W. 464.

The question therefore is one of statutory construction. Sec. 272.18, Stats., exempts from execution the specific personal properties listed in its twenty-six subdivisions. While the legislature has declared that "all moneys arising from insurance of any property exempted from sale on execution,

including the homestead, when such property has been destroyed by fire" shall be exempt (sec. 272.18 (17), Stats.), and that "such exemption [homestead exemption] shall not be impaired . . . by the sale thereof, but shall extend .to the proceeds derived from such sale to an amount not exceeding five thousand dollars, while held, with the intention to procure another homestead therewith, for two years" (sec. 272.20 (1), Stats.), we search in vain for any language expressly or impliedly providing that the proceeds derived from the sale of exempt personal property, voluntarily sold, shall be exempt from execution.

The precise question before us has not heretofore been presented to this court. However, in *Roundy v. Converse,* 71 Wis. 524, 528, 37 N. W. 811, it was held that no part of the surplus proceeds upon a sale of a stock of merchandise covered by a chattel mortgage was exempt from execution. The court said:

"The exemption is of the specific property enumerated in the statute, that is to say, of $200 worth of the goods constituting the stock in trade, and does not extend to the proceeds thereof. R. S. sec. 2982, sub. 8. In this respect the case is unlike one which involves the proceeds of money arising from insurance upon exempt property destroyed by fire (sub. 17), or money arising from the sale of a homestead (sec. 2983). Such moneys are specially exempted by the statutes. We are aware of no provision of law which extends the exemption of stock in trade to the proceeds of such stock realized upon a sale thereof."

The rule generally adopted by the courts of this country is that the proceeds of exempt property resulting from a voluntary sale thereof are not exempt in the absence of a statute providing for such exemption. In 25 C. J. p. 83, § 138, it is said:

"When exempt property is sold for money, the money received is not exempt." (Citing cases.)

And also:

"Nor is a claim for the purchase money exempt." (Citing cases.)

See also, in addition to the cases cited, the following: *Ned Maxey & Son v. Tinsley,* 167 Tenn. 128, 67 S. W. (2d) 139; *First National Bank v. Neve,* 213 Iowa, 344, 235 N. W. 561.

In Michigan and Oregon it has been held, in construing the statutes of those states, that where the owner of exempt property sells it for money, intending to invest the proceeds in other exempt property of like character, the money, under such circumstances, will be exempt for a reasonable time only to permit reinvestment in exempt property. *Cullen v. Harris,* 111 Mich. 20, 69 N. W. 78; *Blackford v. Boak,* 73 Or. 61, 143 Pac. 1136. While the rule of the Michigan and Oregon courts might be considered a beneficent rule by the legislature, in view of the general purposes of the exemption statutes, and one which it might enact, we do not feel that we have any right by construction to write such a provision into the exemption statutes. The legislature has seen fit to exempt the moneys arising from insurance of any property exempt from sale on execution which has been destroyed by fire, and also for a period of two years the proceeds, not exceeding $5,000, derived from the sale of a homestead. The legislature has also exempted other moneys "paid or ordered to be paid to any member of any fire or police department or to the widow or guardian of the minor child or children of a deceased or retired member of any such department, which money has been paid or ordered to be paid to any such person as a pension on account of the service of any person in any such department in any city in this state whose population exceeds one hundred thousand," and "all sums due or to become due and payable or paid to any person by any life insurance company or association or health

and accident insurance company or association, for partial, total, temporary or permanent disability under any contract or policy of insurance, but not exceeding one hundred fifty dollars per month." Sec. 272.18 (21), (25), Stats.

The exemption statutes have been amended quite often. In view of that fact and the further fact that there is no specific provision exempting from execution the proceeds of exempt property, voluntarily sold, but held for a reasonable time for the purpose of reinvestment in exempt personal property, we consider that it would be simply legislating, were we to construe the statute as the defendant contends it should be construed.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.