

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Hon. Will Mann Richardson
Assistant Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-3003
Re: Benefits afforded by Chapter 15,
Title 32 of R.C.S. must be spec-
ifically adopted.

The pertinent parts of your request for an opinion of this department read:

"A foreign corporation having a permit to do business in Texas under Subdivision 37 of Article 1302 now wishes to have the additional powers grant- ed by Chapter 15 of Title 32 of the Revised Civil Statutes. These powers are set out in Articles 1495 through 1507. Attorneys for the company have raised the following questions:

"1. Whether the provisions of that Chapter apply to the corporation, even though it does not specifically accept them.

"2. If a specific intention to accept the provisions of Chapter 15 must be filed, may a foreign corporation amend its permit to accept these provisions.

"It has been the practice of this Department,where a foreign corpora- tion wished to change its permit from one subdivision of Article 1302 to anoth- er, to require the corporation to surrender its permit and take out a new per- mit under the correct subdivision. In this case, however, the corporation wishes to keep its present purpose clause, and also to make certain that it has the rights, powers and privileges granted by Chapter 15. "

Subdivision 37 of Article 1302, reads: "37. To establish and main- tain an oil business with authority to contract for the lease and purchase of the right to prospect for, develop and use coal and other minerals, petro- leum and gas; also the right to erect, build and own all necessary oil tanks, cars and pipes necessary for the operation of the business of the same. (Acts 1897, p. 188; G. L, Vol. 10, p. 1242; Acts 1915, p. 225.)"

Article 1495, Vernon's Annotated Civil Statutes, contained in Chap- ter 15, Title 32, to which reference was made in your inquiry, reads:

"This Chapter embraces corporations created for the purpose of storing, transporting, buying and selling oil, gas, salt brine and other mineral solutions and liquefied minerals; also sand and clay for the manufacture and sale of clay products; and the production of oil and gas. (As amended Acts 1935, 44th Leg., p. 296, ch. 110, § 2.)"

Such Article was amended by Acts of 1935, 44th Legislature, page 296, Chapter 110. The amendatory act was designated as Senate Bill No. 169. We believe the caption of the Bill is significant. It reads in part: "An Act amending Subdivision 36 of Article 1302, Title 32, Chapter 1, of the Revised Civil Statutes of 1925, and amending Article 1495 and Subdivision 1 of Article 1496 of Title 32, Chapter 15, of the Revised Civil Statutes of 1925, so as to add, after the words 'mineral solutions,' in each of said Articles, the words 'and liquefied minerals,' . . . and amending . . ."

Subdivision 36 of Article 1302, Vernon's Annotated Civil Statutes, reads: "36. To store, transport, buy and sell oil, gas, salt, brine and other mineral solutions and liquefied minerals; also sand and clay for the manufacture and sale of clay products. (As amended Acts 1935, 44th Leg., p. 296, ch. 110, § 1.)"

Thus it seems clear from the Legislative expression contained in the above quoted caption that the advantages afforded by Chapter 15, supra, were to extend to those corporations created under Subdivision 36, supra, and not to those created under Subdivision 37 above quoted.

Article 1506, Vernon's Annotated Civil Statutes, provides: "Corporations organized under this chapter which shall file with the Secretary of State a duly authorized acceptance of the provisions of this law, are hereby declared to have, in addition the powers emmerated in this chapter, the power to carry on the business therein authorized outside of as well as within this State; to own and operate refineries, casing and treating plants, sales offices, warehouses, docks, ships, tank cars and vehicles necessary in the conduct of their business; and to cause the formation of corporations outside of this State, not exceeding one in any state, territory or foreign country, whose purposes and powers exercised shall be only those conferred by law upon the forming or holding corporation as incorporated under the laws of Texas, and own and hold the stock of such corporation when the effect of such formation or stock holding is not substantially to lessen competition or otherwise to violate laws prohibiting trusts and monopolies and conspiracies in restraint of trade. (Acts 1915, p. 82.)"

We believe that a corporation previously created under Subdivision 36 of Article 1302, or holding a foreign permit thereunder, would be required to specifically adopt the provisions of Chapter 15, supra, in order to avail itself of the advantages afforded thereby. It is our further opinion that a corporation created under Subdivision 37 of such Article, or holding a foreign permit thereunder, could not adopt the

provisions thereof.

We believe there is such a difference in Subdivisions 36 and 37 as to fall within the prohibition contained in Article 1314, Vernon's Annotated Civil Statutes, to the effect that:

"No amendment or change violative of the Constitution or laws of this State or any provision of this title or which so changes the original purpose of such corporation as to prevent the execution thereof, shall be of any force or effect."

It is our opinion, therefore, that a foreign corporation holding a permit under Subdivision 37 of Article 1302 may not amend its permit so as to change its purpose to that authorized by Subdivision 36 thereof in order to avail itself of the provisions of Chapter 15, supra. It would be required to surrender its present permit and take out a new one under Subdivision 36, and to specifically adopt the provisions of Chapter 15. Of course this could not be done unless the purpose clause contained in the charter of the corporation was sufficiently broad to permit an application under Subdivision 36.

We do not mean to hold that all foreign corporations seeking a permit to transact business in this State under Subdivision 36 of Article 1302 can, as a matter of right, adopt the provisions of Chapter 15, supra. It is necessary to ascertain from the charter of the corporation whether or not such corporation has the rights and privileges afforded by Chapter 15 in the state of its creation. If it has such rights and powers in the state which granted the charter, it may adopt the provisions of Chapter 15, and thus acquire the same rights in Texas. On the other hand, if it does not have such rights in the state of its creation, it may not acquire them in this State by virtue of an attempted adoption of Chapter 15.

A corporation, being solely a creature of law, can have no power beyond that of the law which gives it birth. Its capacity to act through its agents outside of the territorial limits of the jurisdiction which created it must, in any given case, be determined primarily by its charter and the laws of the state or sovereignty under and by virtue of which it has been created and from which it has derived its franchise. It is always subject to these laws, and they have a paramount influence over its corporate powers wherever it undertakes to exercise them. Indeed, it is said that it can have no capacities and can exercise no powers anywhere which are not expressly or by implication given by the laws of the state which created it. Its corporate capacity and powers cannot be enlarged or changed by the laws of the other states in which it is permitted to do business, except by reincorporation of the association there. See Annotation 44 A.L.R. 16; 47 A.L.R. 1564; 97 A.L.R. 477; 119 A.L.R. 484; see also 23 Am. Jur. pp. 83-85 and 23 Am. Jur. Foreign corporations sec. 79.

APPROVED JULY 2, 1942
/s/ Grover Sellers
FIRST ASSISTANT, ATTORNEY GENERAL
LA:mp:egw
APPROVED: OPINION COMMITTEE
       BWB CHAIRMAN

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Lloyd Armstrong
       Assistant