Northwest Bank & Trust Company, Plaintiff and Appellant, vs. Minor (Luther F.), Defendant: Minor (Yvonne A.), Impleaded Defendant and Respondent.

*March 8—April 9, 1957.*

For the appellant there were briefs by *Rice, Rice & Rice* of Sparta, and oral argument by *James W. Rice*.

For the respondent there was a brief by *Donovan, Gleiss, Goodman, Breitenfield & Gleiss* of Sparta, and oral argument by *D. L. Goodman*.

MARTIN, C. J.   Luther F. Minor is the owner of a 1952 Ford automobile. He is absent without leave from the United States army and his whereabouts is unknown. At the time of the attachment the automobile was in the possession of the wife and used by her in going to and from her work, the earnings of which enable her to support herself and her three minor children. The debtor has made no financial contribution to his family since he has been AWOL.

Sec. 272.18, Stats., so far as material, provides:

"No property hereinafter mentioned shall be liable to seizure or sale on execution or on any provisional or final process issued from any court or any proceedings in aid thereof, except as otherwise specially provided in the statutes: . . .

"(6) . . . any automobile used or kept for the purpose of carrying on the *debtor's trade or business,* not exceeding four hundred dollars in value, . . ."

In the absence of constitutional or statutory provisions all of the property of a debtor may be subjected to the payment of his debts. *Williams v. Smith* (1903), 117 Wis. 142, 93 N. W. 464; *Gillette State Bank v. Knaack* (1938), 229 Wis. 179, 281 N. W. 913. The right of a debtor to hold his property free from the claims of creditors is not a common-law right but a right created by constitutions and statutes. 22 Am. Jur., Exemptions, p. 5, sec. 3. As stated in p. 14, sec. 13:

". . . the right itself is the creature of express constitutional or statutory provisions, so that in their absence, no one is entitled to exemptions. It follows that any inquiry

concerning the persons, or classes of persons, who may claim exemptions in any particular state must be directed to the constitution and statutes of such state. *Unless the debtor claiming an exemption is one of the persons or classes of persons therein named, his claim cannot prevail.* Nor does the rule of liberal construction of exemption laws permit a plain disregard of the legislative mandate by extending exemptions to those not embraced in the acts." (Emphasis supplied.)

From a reading of sec. 272.18, Stats., it is evident that the exemption of the automobile is personal to the debtor. Sub. (5) creates the exemption for wearing apparel "of the debtor and his family;" sub. (7) for the "provisions for the debtor and his family;" sub. (9) for sewing machines "owned by individuals and kept for the use of themselves or families." If such had been the intention of the legislature, it would have framed the language of the automobile exemption in similar terms, but it did not do so. It may be that the statute is somewhat outmoded, that changing times have made the automobile a more important factor in the wage earning of a wife and family than it was at the time the section was enacted, but such observations would be more fruitfully addressed to the legislature than to the court.

There is no showing in the record, and no finding of the lower court, that the automobile in question was "used or kept for the purpose of carrying on the debtor's trade or business." The only proof is that the debtor's wife used the car in *her* business. No exemption is afforded her by the statute. Sec. 272.18 (30), Stats., gives to the wife of a debtor the right to select, but the selection is limited to those articles the statutory exemption of which is granted to the debtor. In the absence of any showing that Luther Minor was entitled to exemption of the automobile, it cannot be considered property to which respondent's right of selection under sub. (30) applies.

Respondent argues that this court has consistently held that the exemption laws must be given a liberal construction, and quotes extensively from *Connaughton v. Sands* (1873), 32 Wis. 387. The case is not in point, since the section of the statute there involved was that which exempted the provisions of the "debtor and his family." Since the debtor was the adult son of a widowed mother and the sole support of her and his brothers and sisters, the court held that they were his family and as head of the family he was entitled to the exemption. The court pointed out that ordinarily it is the husband, father, or mother who provides for those constituting the "family" whose care is the obligation of the debtor; but where the son and brother had taken that obligation upon himself, he became, in legal contemplation, the head of the family.

The distinction between such a case and this is that here we are dealing with a statutory exemption extended to an individual, not to a class of persons. Luther Minor is the only person to whom the statute would grant the exemption if it were shown that the automobile was used in carrying on his business. The principles of liberal construction cannot be employed to extend the exemption to anyone other than those expressly embraced in the statute. See 22 Am. Jur., Exemptions, p. 14, sec. 13, *supra.*

*By the Court.*—Order reversed, and cause remanded with directions to disallow the interpleaded defendant's claim for exemption.