**In the Matter of Leroy J. FLAKE, a/k/a Leroy Flake and Leroy James Flake,**

**Connie S. Flake, a/k/a Connie Flake and Connie Sue Flake, Debtors.**

**Bankruptcy No. MM7–82–01747.**

United States Bankruptcy Court, W.D. Wisconsin.

Aug. 22, 1983.

Roy Fine, Molbreak Law Office, Madison, Wis., for debtors.

Rick M. Koeck, Marquardt & Carlson, Ltd., Prairie Du Sac, Wis., for creditor Peoples State Bank.

ROBERT D. MARTIN, Bankruptcy Judge.

Debtors LeRoy and Connie S. Flake converted their chapter 13 case to a chapter 7. Following the conversion, they submitted an amended schedule of exemptions. On this schedule, Mr. Flake has claimed federal exemptions under 11 U.S.C. § 522, while Mrs. Flake has claimed the Wisconsin exemptions, as authorized by § 522(b)(2), and Wis.Stat. § 815.18.

On her schedule of state exemptions, Mrs. Flake has listed a number of farm implements, including a wagon, a plow, binder, tractor, corn binder, mower, harrow, disc harrow, seeder, hay loader, corn planter, and three miscellaneous farming utensils ("tools," oxygen L.P. torch, welder), the list closely tracking the exemptions named in Wis.Stat. § 815.18(6). The Wisconsin statute provides for exemption of most of these items without express limitation as to their value, individually or in the aggregate. Mr. Flake has claimed the federal exemptions, which provide for an aggregate limit of $750 of exempted value of "any implements ... or tools, of the trade of the debtor or the trade of a dependent of the debtor." Section 522(d)(6).

The debtors have filed a complaint seeking to avoid liens claimed by various creditors which impair the debtors' exemptions. Peoples' State Bank of Mazomanie has objected to the debtors' scheduled exemptions, in writing as to the miscellaneous implements and orally at pre-trial conference as to the ownership of the farm equipment claimed as exempt by Mrs. Flake. A review of the case files suggests that evidence may be adduced which could support the claim by Mrs. Flake of an ownership interest in the property she seeks to exempt.

Summary judgment has been sought on the issue of whether a farm wife who is a debtor in a joint case may claim Wisconsin exemptions in farming equipment which may have been used principally or solely by her husband in the family's farming operation, when the totality of the record of the purchase transactions for the farming equipment could show that both debtors participated in the purchases and in the farming enterprise in which the property was used.

It is well established that in the case of a joint filing of husband and wife, each of the debtors is entitled to choose state or federal exemptions, unless the law of the state of domicile of the debtors excludes the choice of federal exemptions. 11 U.S.C. § 522(b) and (m). *In Re Skipwith*, 3 C.B.C.2d 867 (Bkrtcy.S.D.Cal.1981). When one of the joint debtors chooses to utilize the state exemptions, the debtor is, of course, subject to the restrictions and conditions established by state law, except as that state law may be preempted by provisions of the Bankruptcy Code. *Id.* at 872; *In Re Ageton*, 14 B.R. 833 (9th Cir.Bkrtcy. App.1981). "It is basic to any right to an exemption ... that the debtor have an ownership interest in the property." *In Re Ferguson*, 15 B.R. 439, 441 (Bkrtcy.D.Colo. 1981).

In a previous case, this court reviewed an amended schedule of exemptions, under which husband and wife exchanged the state and federal exemptions which they had earlier claimed. The result was that the amended schedule showed a certain truck as exempted property of the husband. In applying its test as to whether the amendment should be allowed, this court noted that "[i]f the amendment were not allowed, the [debtors] would be unable to exempt their truck because on the original schedules the truck was claimed exempt by [wife of the debtor] who is not the legal owner of the truck." *In Re Bessel*, 18 B.R. 320, 323, 8 B.C.D. 1155 (Bkrtcy.W.D.Wis. 1982). Legal ownership of the truck, of course, is relatively easy to establish at least *prima facie*, because of state registration requirements governing motor vehicles. *See e.g.*, Wis.Stat. §§ 341.01 to 341.17. Where, however, property is not formally titled or registered, establishing ownership, especially as between two spouses who may both be contributing to the enterprise in which the property is used, presents obvious difficulties. The common law rule has been that possession is presumptive evidence of ownership, at least as regards personalty. *See e.g. In Re James' Estate*, 267 Wis. 105, 65 N.W.2d 9 (1954). This presumption is of little help when the issue is the interest of one of two spouses in the property, when the subject property is located at or near the residence shared by the debtors, and in a situation where, presumably, one of the debtors makes more frequent use of the subject property then the other, but where the other may have participated in various ways in the purchase of the property and may well have contributed to the enterprise in which the property is used.

In *Northwest Bank & Trust Co. v. Minor*, 275 Wis. 516, 82 N.W.2d 323 (1957) the Wisconsin Supreme Court analyzed a portion of the exemptions statute in question. Subsection (6) of the statute, then numbered § 272.18, provided an exemption for "any automobile used or kept for the purpose of carrying on the debtor's trade or business, not exceeding four hundred dollars in value." The bank had obtained a writ of attachment against a car owned by the defendant. The defendant's wife was impleaded as a defendant, and she claimed the automobile under the provisions of then § 272.18(6). Applying the rule that an ex-

emption is available only to a person named in the statute, the court noted that beneficiaries of the exemptions in a number of cases are specified with some particularity: subsection (5) exempts wearing apparel "of the debtor and his family;" subsection (7) exempts "provisions for the debtor and his family;" subsection (9) exempts sewing machines "owned by individuals and kept for the use of themselves or families." *Id.* at 518, 82 N.W.2d 323. Since the exemption for automobiles under the statute as it then read was directed towards the debtor's trade or business, and the car used by the spouse of the defendant in this case was used in relation to her own, and not her husband's business, the court denied the exemption. Not long after the decision in *Northwest Bank & Trust Co.,* the Wisconsin legislature amended subsection (6) to its present form: it raised the value of the interest in an automobile to be exempted from $400 to $1,000 and deleted the language about the debtor's trade or business, but retained the limitation of the exemption to the debtor him or herself: "one automobile *of the debtor* not exceeding $1,000 in value." 1959 Wisconsin laws, chapter 304. Thus, in pertinent part, the exemptions statute as now written in subsection (6) exempts "[various numbers of animals], one automobile *of the debtor* ... one wagon ... one plow, one drag, one binder, one tractor not to exceed in value the sum of $1,500, one corn binder, one mower, one springtooth harrow, one disc harrow, one seeder, one hay loader, one corn planter [etc.]" (emphasis supplied).

■ Two principles of statutory construction are particularly apposite here. The first is the principle that if at all possible every word of a statute must be given significance. *Kollasch v. Adamany,* 104 Wis.2d 552, 563, 313 N.W.2d 47 (1981); *State v. Smith,* 103 Wis.2d 361, 309 N.W.2d 7 (Ct.App.1981). The second is the doctrine of *expressio unius est exclusio alterius.* That is, the inclusion of a given item would ordinarily mean that other similar items or words not mentioned are to be excluded. *Teamsters Union Local 695 v. Waukesha County,* 57 Wis.2d 62, 67, 203 N.W.2d 707

(1973). Applying these principles, it appears that an automobile to be exempted under subsection (6) must be titled in the debtor, while the various other items of farm implements sought to be exempted in the present case and named in this statute are left somewhat indeterminate. While the debtor must have an interest in the implements sought to be exempted, only an automobile, under the statute, must be titled in the debtor. The omission as to the other farm animals and equipment suggests that they may be exempted if subject to the debtor's interest, and/or that of his spouse or family.

Such a reading is not only true to sound principles of statutory construction favoring the rejection of surplusage, but also supports the state and federal policies underlying exemptions, the avoidance of pauperage and encouraging a fresh start in life. This principle is stated in the Wisconsin Constitution:

> The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted.

Article I, § 17. In pursuit of this fundamental policy, the Wisconsin exemption statute provides that if the debtor fails to select his or her exemptions, the debtor's spouse may do so. Wis.Stat. § 815.18(30). *Cf.* 11 U.S.C. § 522(1).

The same subsection also precludes exemption when purchase money is sought to be recovered. There is apparently a material issue of fact as to the priority of liens, one or more of which may represent a purchase money security interest.

It is common experience that in many traditional farm families, both husband and wife participate in the work of the farm, the husband most often in the physical part of the agricultural labor, while the wife maintains the home, does some light chores and often enough keeps the books. Recognizing wives' contributions to the property of the couple, whether in farm families or

in other families, the Wisconsin legislature enacted revisions in Wis.Stat. ch. 767, Actions Affecting The Family, to reflect the contribution of a spouse who did not work outside the home towards the property not otherwise separately titled, of the couple. Thus, Wis.Stat. § 767.255, governing property division upon divorce, provides that property acquired by either spouse "prior to or during the course of the marriage as a gift, bequest, devise or inheritance . . . shall remain the property of such party." But, "[t]he court shall presume that all *other property* is to be divided equally between the parties" (emphasis supplied). This presumption is subject to modification according to a variety of factors including, significantly, "(3) the contribution of each party to the marriage, giving appropriate economic value to each party's contribution in homemaking and child care services." The Wisconsin Supreme Court has recognized these principles:

> The fact that one party to the marriage worked outside the home while the other cared for the home and children has little bearing on the outcome of the property division if marriage is to be viewed as a 'partnership' wherein both parties contribute of their respective abilities to the acquisition and preservation of marital assets.

*Wilberscheid v. Wilberscheid,* 77 Wis.2d 40, 47, 252 N.W.2d 76 (1977).

In one sense, an objection to Mrs. Flake's claimed exemptions would have been obviated had the spouses merely exchanged their lists, the husband claiming the state and the wife the federal, schedules, or if both had claimed the federal exemptions and made full use of their "wild card" exemptions, § 522(d)(5).[1] Rule 1009 of the Rules of Procedure and Practice in Bankruptcy, which took effect August 1, 1983, provides that schedules "may be amended by the debtor as a matter of course at any time before the case is closed." The court may also order a schedule amended. Whether the 4-part test for considering the timeliness of such amendments, discussed by this court in *In Re Bessel,* 18 B.R. 320 (Bkrtcy.W.D.Wis.1982) remains applicable need not be discussed here.

In the light of the presumption of equal property division between spouses upon divorce under state law, and the lack of specific language in the Wisconsin exemption statute which would limit the exempted farm implements to those titled in the debtor, it is at least possible for this court to find that Mrs. Flake has enough interest in the farm implements to be entitled to claim the state exemptions in her amended schedule. Since questions of material fact going to the nature and extent of Mrs. Flake's contribution to the common enterprise of farming and the purchase of the challenged items of exemption remain, the objection to Mrs. Flake's claimed exemptions cannot be decided upon motion, and an evidentiary hearing is required.

The right of the debtors to avoid liens impairing their exemptions has also been questioned. Two principal creditors argue that the provision in the Code of avoidance of such liens, § 522(f) must be limited to items of relatively small value, whereas Mrs. Flake claims exemptions in farm equipment in excess of $11,000 in value.[2]

---

1. A spouse is a "dependent" for exemptions purposes. § 522(a)(1). Tools of the trade of the debtor or a dependent of the debtor may be exempted. Section 522(d)(6); it is not necessary that the "dependent" spouse share the trade, only an ownership interest in the tools. *Augustine v. United States,* 675 F.2d 582, 8 B.C.D. 1412, 1414 at n. 3 (3rd Cir.1982).

2. It does not appear that the creditors challenge Mrs. Flake's right under § 522(f) to avoid liens on claimed state exemptions. Section 522(f) provides:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien; or
> (2) a nonpossessory, nonpurchase-money security interest in any—
> (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are *held primarily for the personal, family, or*

Creditors rely for their view on *In Re Sweeney,* 7 B.R. 814 (Bkrtcy.E.D.Wis.1980), in which the court held that § 522(f) "should apply to ... necessities of family life" which have small resale value, "but a relatively high replacement cost so far as the debtor is concerned." *Id.* at 818. *Sweeney,* however concerned debtors who sought to avoid liens under § 522(f) to property they had exempted under the *federal* schedule of exemptions, § 522(d). Under the federal schedule, the "tools of the trade" exemption carries an aggregate limit of $750 in value. The present case concerns a debtor who seeks to avoid liens which would impair her claimed *state* exemptions, which for the most part are not limited in value by state law. Wis.Stat. § 815.18(6). Thus, the limitations recognized in *Sweeney* would not be available to apply in this case to the exemptions claimed by Mrs. Flake.

For the foregoing reasons, the motion for summary judgment must be, and hereby is denied.

household use of the debtor or a dependent of the debtor;
(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.