In re John and Elizabeth DONAGHY, Debtors.

Bankruptcy No. 81 B 20055.

United States Bankruptcy Court, S. D. New York.

June 12, 1981.

678

Sidney Turner, White Plains, N. Y., Trustee.

Westchester Legal Services, Inc., Senior Citizens Law Project, Yonkers, N. Y., for debtors; Stephen Norman, Westchester Legal Services, Inc., Yonkers, N. Y., of counsel.

## DECISION ON TRUSTEE'S OBJECTION TO EXEMPTION CLAIMED BY DEBTORS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

These elderly debtors face a battle with cancer and the trustee in bankruptcy for the use of $21,992.87 in accrued pension benefits they received while they were preparing their petition in bankruptcy and which they claim as exempt under 11 U.S.C. § 522(d)(10)(E). Because the funds were received in a lump sum three weeks before the filing of their joint petition in bankruptcy the trustee contends that they lost their status as pension monies and therefore constitute property of the estate within the meaning of 11 U.S.C. § 541.

John Donaghy, the husband-debtor, lost his job when his employer closed its plant and moved out of state. He is over sixty-two years old, inflicted with emphysema, and receives disability payments from the Social Security Administration of $495.20 per month. His wife, who is sixty-four years old has had cancer-related medical bills in excess of $10,000 during the past two years.

In November of 1980, John Donaghy consulted with an attorney with the Senior Citizens Law Project at Westchester Legal Services who advised the debtors how to prepare a petition in bankruptcy on their own since that organization did not handle bankruptcy matters. On December 10, 1980, the debtor, John Donaghy, received a letter from his former employer informing him that by January 16, 1981 the debtor had to make an election as to how he was to receive his accrued benefits. The debtor had to choose between two options; to wait until he became sixty-five and then receive monthly payments, or to elect to receive immediately a lump sum equivalent to the capitalized actuarial value of the monthly payments that he might expect to collect based upon his life expectancy. It is not disputed that the pension plan is a qualified plea as defined under 26 U.S.C. § 401 et seq.

Because of his ill health, the debtor, John Donaghy, had no confidence in surviving until the age of sixty-five. Moreover, he and his wife needed the money because their medical expenses exceeded their income from the monthly disability payments, which is their only source of income. Therefore, the debtor, John Donaghy, felt that he had only one option; to elect to receive the lump-sum payment, which he did. The payment, in the sum of $21,992.87, was received, however, before the debtors actually filed their joint petition on February 4, 1981. They put the fund in a bank account in their names immediately after receipt on January 14, 1981, and listed the account in their schedules, which they identify as accrued pension benefits for purposes of claiming their exemption under 11

U.S.C. § 522(d)(10)(E). The issue is whether or not these funds should be turned over to the trustee in bankruptcy or may they be regarded as the debtor's right to receive pension benefits within the meaning of the exemption authorized under 11 U.S.C. § 522(d)(10)(E).

Code § 522(d)(10)(E) affords an exemption for pension benefits in the following language:

"(10) The debtor's *right to receive*

.     .     .     .     .

(E) a payment under a . . . *pension* . . . or similar plan or contract on account of illness, disability, death, age, or length of service, *to the extent reasonably necessary for the support of the debtor and* any dependent of the debtor . . ." [Emphasis added]

The trustee argues that the pension benefits constitute property of the estate, within the meaning of 11 U.S.C. § 541, citing: *Short v. Grand*, 507 F.2d 425 (8 Cir. 1974); *In re Parker*, 473 F.Supp. 746, 1 C.B.C.2d 103 (D.C.W.D.N.Y.1979); *In re Mace*, 4 B.C.D. 94 (B.C.Ore.1978); *In re Wilson*, 3 B.C.D. 844 (B.C.W.D.Tex.1977). However all of these cases were concerned with the concept of what constitutes "property" which passed to the trustee as an asset of the estate under § 70(a)(5) of the former Bankruptcy Act, which defined "property" to mean:

"(5) property, including rights of action, which prior to the filing of the petition [the bankrupt] . . . could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered . . ."

These cases follow the trilogy of Supreme Court decisions defining what assets pass to the trustee under former § 70(a). See *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 721, 38 L.Ed.2d 548 (1974); *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1965).

■ Since the adoption of the Bankruptcy Reform Act of 1978 it is no longer crucial to determine who has title or possession regarding property claimed by the trustee as an asset of the estate. Code § 541(a)(1) defines property of the estate in broad scope to include "all legal or equitable interests of the debtor in property as of the commencement of the case." Thus, even exempt property must first come into the estate, subject to the claim of exemption, thereby overruling *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1933) which excluded exempt property from the estate. Therefore, the question is not whether the proceeds are an asset of the estate, because Code § 541 expressly embraces this fund. The issue to be determined is whether the lump sum pension payment is exempt under Code § 522(d)(10)(E).

■ The express exemption for pension benefits is a new feature introduced under the Bankruptcy Reform Act of 1978. The legislative history with respect to this provision reveals that it was intended that certain benefits, such as qualified pension payments, be treated as exempt because they are in the nature of future earnings of the debtor, but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor. *H.R. No. 95–595*, 95th Cong., 1st Sess. (1977) p. 362, U.S.Code Cong. & Admin.News 1978, p. 5787. This point was noted in *In re Turpin*, 644 F.2d 472, 475 (5 Cir. 1981) where the court stated pension benefits "are a substitute for future wages and thus pass to the bankrupt free of the claims of pre-bankruptcy creditors." The court in *In re Nunnally*, 506 F.2d 1024 (5 Cir. 1975) expressed a similar concern when it concluded that giving the debtor's retirement benefits to the trustee would deprive the debtor of a fresh start not because of the debtor's immediate need for the funds but because to recognize the trustee's claim against the funds would leave a cloud of pre-bankruptcy debt hanging over the bankrupt's future since the fund was a substitute for future wages.

The trustee argues that the debtors no longer have "a right to receive" payment in

the future under a pension plan; they received the lump sum payment three weeks before the commencement of this case. This is an elevation of form over substance. The identifiable sum, although received by the debtors before they could file their joint petition, is a tangible reflection of "the debtor's right to receive ... a payment under a ... pension ... plan" within the literal language of Codè § 522(d)(10)(E) and in the spirit of the Congressional intent to exempt qualified pension benefits that are "akin to future earnings of the debtor." *H.R. No. 95–595,* supra. This sum is intended to function as a wage substitute at some future period and during that future period to afford the debtors an opportunity to get back on their feet and support the basic requirements of life.

■ From a factual standpoint the debtors have satisfactorily established that the lump sum pension payment is reasonably necessary for their present and future support during their declining years. At age sixty-two, the debtor, John Donaghy, is no longer able to work due to his emphysema. Aside from his disability payments, the pension fund is the only other resource available to him and his ailing wife, who is two years older. Their medical bills will continue to mount as will their normal requirements for food, clothing and shelter. The special needs of retired, infirm and elderly debtors should be taken into account. See *In re Taff,* 10 B.R. 101, 4 C.B.C.2d 65, 72 (Bkrtcy.Conn.1981). In light of the foregoing, the court finds that the lump sum pension fund in the amount of $21,992.87, which the debtors received three weeks before the filing of their joint petition, and which they listed in their schedules and claimed as exempt is in fact exempt under Code § 522(d)(10)(E). This pension payment reflects the "debtors' right to receive ... a payment under a ... pension ... plan" in that the identifiable fund is a substitute for future wages. It is further found that the pension benefit is "reasonably necessary for the support of the debtor" and his wife, as required under Code § 522(d)(10)(E). Accordingly, the trustee's objection to the exemption claimed by the debtors with respect to the pension payment is denied.

IT IS SO ORDERED.