**In re Duane JOHNSON and Sandra Johnson, Debtors.**

**Bankruptcy No. 82–00767 MA.**

United States Bankruptcy Court, D. New Mexico.

Jan. 11, 1984.

Jennie Deden Behles, Albuquerque, N.M., for debtor Sandra Johnson.

John T. Fitzpatrick, Albuquerque, N.M., for debtor Duane Johnson.

Charles W. Rawson, Albuquerque, N.M., for Grants State Bank.

Harley Swink, Trustee.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court upon the hearing of the objection of Grants State Bank (Bank) to the debtor's claimed exemption of $12,278.00 which represents the value of the debtor's interest in the Gulf Savings Stock Bonus Plan. The Bank objected on the grounds that the exemption did not qualify under 11 U.S.C. § 522(d)(10), and that the stock or its value should be turned over to the trustee of the debtor's estate.

Section 522(d) provides:

The following property may be exempt under subsection (b)(1) of this section:

(10) The debtor's right to receive . . .

(E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless . . .

(i) such plan was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408 or 409 of the Internal Revenue Code of 1954 (26 U.S.C. § 401(a), 403(b), 408, or 409)

The stock plan which the debtor attempts to exempt under this provision is the Savings-Stock Bonus Plan of Gulf Oil Corporation. According to the prospectus supplement of April 30, 1981, which was admitted during the hearing on the Bank's objection (Debtor's Exhibit 2), a member of the plan makes a monthly contribution of 3–13% of the member's compensation from Gulf the first 3% of which is matched by the Gulf Companies from current or accumulated profit. Upon termination of membership, which occurs only when a member retires, dies or ceases to be an employee, the member receives a stock certificate or certificates for which shares of common stock and the cash equivalent of a fractional share. The prospectus further states that the Gulf Companies were advised by the I.R.S. on January 12, 1981, that the plan meets the requirements of Section 401(a) of the Internal Revenue Code. The Bank argues that this is not a pension, but mere savings, and does not qualify under § 522(d)(10)(E). However, a stock bonus plan is clearly exemptible under that section, if necessary for support of the debtor, unless it exhibits the characteristics enumerated in 522(d)(10)(E)(i) thru (iii). We will emphasize here that it must exhibit all three of those traits to be ineligible for exemption, *Goff v. Taylor (In re Goff)* 706 F.2d 574, 579–80 at n. 14 (5th Cir.1983). Thus, even if the Gulf Plan did not meet I.R.S. qualifications under § 401(a) of the Internal Revenue Code, it could still be exempted unless the characteristics of 522(a)(10)(E)(i)(ii) were also proved at trial. They were not. Accordingly, the proceeds of this stock bonus plan are allowable as exemptions if they are necessary for the support of the debtor and any dependent of the debtor.

In determining what is reasonably necessary for the support of the debtor, the Court must look at the present circumstances of the debtor, other exempt property,

and the debtor's present income, plus any other factors which would indicate what amount is truly necessary to meet the debtor's basic needs. *Warren v. Taff (In re Taff)* 4 C.B.C.2d 65, 7 B.C.D. 493, 10 B.R. 101 (Bkrtcy.D.Conn.1981); *In re Clark,* 8 B.C.D. 1207, 18 B.R. 824 (Bkrtcy.E.D.Tenn. 1982); *In re Werner,* 10 B.C.D. 1117, 31 B.R. 418 (Bkrtcy.D.Minn.1983); *In re Donaghy,* 4 C.B.C.2d 1099, 11 B.R. 677 (Bkrtcy.S.D.N.Y. 1981). In *Werner, supra,* the debtor was employed, earning $20,000.00 and continuing to make contributions to his retirement account. Based on those considerations the fund was found not to be reasonably necessary for his support. *In re Werner, supra,* 10 B.C.D. at 1120, 31 B.R. 418. At the other extreme was the debtor before the court in *Donaghy, supra.* That debtor was over 60 years of age, unable to work because of emphysema, and was caring for a spouse who had cancer. The Court found that the debtor's only other source of income, a disability payment, could not meet their daily expenses and medical bills and allowed the debtor an exemption for his $21,992.87 pension payment. While the instant case is not so extreme as that found in *Werner,* the evidence at the hearing in this matter showed that the debtor is 47 years old and unemployed. His training as a metallurgical engineer make reemployment locally difficult, thus necessitating some travel while seeking new employment. Under a divorce decree he has obligations of alimony payments of $250.00 a month to his ex-wife, and although the debtor is currently living rent-free in a house which will eventually be sold with no benefit to the debtor, he still has utility, telephone and basic subsistence expenses, as well as those costs necessary to his continuing search for employment. Given these circumstances the Court finds that the value of the stocks received from the Gulf Savings Stock Bonus Plan, $12,278.00 is reasonably necessary to meet the basic needs of the debtor and should be allowed as an exemption.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.