**In re Janet Ann McGOY, Debtor.**

**Bankruptcy No. 87–00519–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

May 25, 1988.

Kenneth R. Singer, St. Louis, Mo., for debtor.

Michael Waxenberg, Clayton, Mo., for trustee.

## MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

The Trustee's Objection to the Debtor's Claim of Exemptions came before this Court for hearing, and after a trial, the matter was taken under submission. The primary issue is a construction of Section 513.430(10)(e), Revised Statutes of Missouri (RSMo), which provides an exemption for certain property from the Bankruptcy estate.[1]

This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B) and 28 U.S.C. § 1334 and Rule 29 of the Rules of Court for the District Court for the United States

---

1. § 513.430(10)(e) RSMo reads as follows:

"(d) The following property shall be exempt from attachment and execution to the extent of any person's interest therein: ...

(10) The debtor's right to receive:

(e) A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless:

(a) Such plan or contract was established by or under the auspices of an insider that employed such person at the time such person's rights under such plan or contract arose;

(b) Such payment is on account of age or length of service; and

(c) Such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409)."

District Court for the Eastern District of Missouri.

Janet McGoy filed her voluntary petition for relief on February 19, 1987. The Debtor's Statement of Financial Affairs reflects the Debtor received certain payments from various stock ownership plans and dividends in the several months prior to filing. The statement does not set forth ownership of any shares of stock as of the date of the filing of the petition. The Debtor's Schedule of Personal Property (B–2) is blank where information regarding stocks and bonds was to be provided. The two columns where information on the value of the Debtor's interest in those items were also blank. Every other question appearing on the same page as those inquiries is answered by stating "none" as the description and "0.00" as the value. The Trustee, and any other parties reviewing the schedules would assume that no stocks or bonds are owned by the Debtor. The original Schedule of Exempt Property (B–4) filed in this case did not reflect any ownership of stock or claim any exempt interest in stock. After the meeting of creditors an amended B–4 Schedule was filed, in which the Debtor listed shares of stock "obtained as a result of discharge by Illinois Bell", as exempt property.

The Trustee has objected to the Debtor's amended claim of exemptions. It is argued that these shares of stock actually held by the Debtor do not fall within the allowed exemption. In the amended Schedule B–4, the Debtor has listed the value of the stock as $8,980.09. The Trustee would allow the Debtor the full amount of the cash exemptions she would be entitled to under Missouri law (here $1,500.00) and has requested that the balance be not allowed as not being within the type of exemption allowed by Section 513.430(10)(e).

The Debtor argues she is entitled to the exemption, pursuant to statute, as the stock was paid to her under two separate employee plans each of which fall within the Missouri exemption statute.

The Trustee argues that even if each plan is considered as a type of plan which is covered under Section 513.430 RSMo, the Debtor cannot exempt these assets from the estate. She has already received her distribution under the plan and, thus, it is argued, she has no "right to receive" under any plan. The Trustee argues the "right to receive the property" is the essential missing factor here.

Janet McGoy was formerly an employee of Illinois Bell Telephone. During her years as an employee in a non-salaried position, she participated in an employee stock ownership program. After becoming a salaried employee, the Debtor participated in a special savings plan exclusively for salaried employees. Her employment was terminated December 31, 1985, about fourteen months before the commencement of this case.

According to the testimony of the Debtor at the hearing on this matter, the shares of stock she held in her possession were sent to her by mail every once in a while with no apparent pattern. She would receive these shares shortly after the date printed on the stock certificate.

The following is a list of the stock certificates held by the Debtor and the date of issue (as reflected on the certificates).

| STOCK CORPORATION | NO. OF SHARES | DATE |
| --- | --- | --- |
| Pacific Telesis Group | 3 | 2/15/84 |
| Pacific Telesis Group | 2 | 3/16/84 |
| Pacific Telesis Group | 2 | 3/01/85 |
| Pacific Telesis Group | 7 | 6/09/86 |
| Southwestern Bell Corporation | 3 | 2/15/84 |
| Southwestern Bell Corporation | 2 | 3/16/84 |
| Southwestern Bell Corporation | 2 | 3/01/85 |
| U S West, Inc. | 3 | 2/15/84 |
| U S West, Inc. | 2 | 3/16/84 |
| U S West, Inc. | 2 | 3/01/85 |
| U S West, Inc. | 7 | 5/28/86 |
| American Telephone and Telegraph Company | 12 | 2/24/82 |
| American Telephone and Telegraph Company | 25 | 2/23/83 |
| American Telephone and Telegraph Company | 27 | 2/22/84 |
| American Telephone and Telegraph Company | 30 | 3/01/85 |
| Bell Atlantic | 7 | 4/17/86 |
| Bell Atlantic | 2 | 3/01/85 |
| Bell Atlantic | 2 | 3/16/84 |
| Bell Atlantic | 3 | 2/15/84 |
| American Information Technologies Corporation | 3 | 2/15/84 |

| STOCK CORPORATION | | NO. OF SHARES | DATE |
|---|---|---|---|
| American Technologies | Information Corporation | 2 | 3/16/84 |
| American Technologies | Information Corporation | 4 | 3/01/85 |
| American Technologies | Information Corporation | 5 | 3/05/85 |
| American Technologies | Information Corporation | 19 | 2/20/86 |
| Bell South Corporation | | 3 | 2/15/84 |
| Bell South Corporation | | 2 | 3/16/84 |
| Bell South Corporation | | 10 | 5/15/84 |
| Bell South Corporation | | 8 | 3/01/85 |
| Nynex Corporation | | 3 | 2/15/84 |
| Nynex Corporation | | 2 | 3/16/84 |
| Nynex Corporation | | 2 | 3/01/85 |
| Nynex Corporation | | 7 | 5/01/86 |

In each instance, the stock certificates have remained in the Debtor's possession since shortly after issuance. Some of the certificates have been available to the Debtor for three or more years. The Debtor has had all the indicia of ownership and control over these stocks during this period. Dividend checks were paid directly to her. There have been no restrictions on the transferability of the shares. The fact that the Debtor has not sold the stock is not relevant to the issue of her ability to claim the property as exempt.

The Debtor's possessory ownership interest in the certificates at bankruptcy cannot be categorized as a right to receive a payment under a qualified stock bonus plan. The "right to receive" had been exercised and extinguished by the Debtor during the months preceding the commencement of this Chapter 7 case. It may be assumed that the Debtor's right to receive the certificates would have been characterized as a right to receive a payment under a stock bonus plan and, therefore, subject to a claim of exemption had the bankruptcy petition been filed prior to distribution. However, in the circumstances presented here, this characterization did not exist when the petition was filed several months after the distributions had been made.

Neither are the certificates in the nature of future wages. The Debtor has not retired. She is 38 years old, in good health, and has been attempting to obtain full-time employment since her termination by Illinois Bell.

This conclusion may be inconsistent with the legal conclusion set forth by the Bankruptcy Court in *In re Donaghy*, 11 B.R. 677 (Bkrtcy.S.D.N.Y.1981). The *Donaghy* Court determined that a lump-sum pension fund payment to a 62 year old debtor and his cancer-stricken wife within three weeks prior to the filing of the Bankruptcy case, did not destroy the character of the property as an asset which could be exempted as a right to receive a payment under a pension plan. As a matter of law, the "right to receive" terminates upon receipt. As a matter of equity, however, the Bankruptcy Court is charged with the responsibility of interpreting Congressional intent and applying that interpretation to the circumstances presented in the record. The *Donaghy* Court correctly interpreted the Congressional intent with respect to 11 U.S.C. § 522(d)(10)(E),[2] and as a Court of equity determined that commencement of the Bankruptcy case did not extinguish the nature of the property as a right to receive a payment under a pension plan. That equitable determination cannot be extended beyond the specific circumstances presented in the *Donaghy* case. There is nothing in the record of the matter being considered here to support the Debtor's request that the Court exercise its powers of equity and enter an order which is contrary to the language of Section 513.430(10)(e).

The Court, therefore, concludes that the stock certificates and the Debtor's interests therein are not assets which may be exempted by the Debtor under Section 513.-430(10)(e). By separate order, the Trustee's objection to the Debtor's amended claim of exemption is being sustained.

---

**2.** The language of the Federal Statute, Section 522(d)(10)(E), is almost identical to the language in the Missouri Statute at issue here.