**In re Thomas J. STANIFORTH, Debtor.**

**Bankruptcy No. WU7–88–02678.**

United States Bankruptcy Court,
W.D. Wisconsin,
Eau Claire Division.

April 24, 1990.

James D. Sweet, William J. Rameker, Madison, Wis., for debtor.

Arthur L. Eberlein, Wausau, Wis., Trustee.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

### PROCEDURAL POSTURE

THOMAS S. UTSCHIG, Bankruptcy Judge.

This matter comes before the Court on the trustee's objection to the Debtor's amended claim for an exemption of an Individual Retirement Account (IRA) under WIS.STAT. 815.18(31). The Court has jurisdiction to decide this case under 28 U.S.C. § 157(b)(2)(B). James D. Sweet and William J. Rameker of Murphy & Desmond, S.C., appear for the Debtor; Arthur L. Eberlein, trustee, appears for himself.

### FACTS

Thomas J. Staniforth (Debtor) is a self-employed dentist located in Wisconsin Rapids, Wisconsin. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on November 10, 1988. At that time, the Debtor listed an IRA in the amount of $13,775.00 on his Schedule B–2 but did not declare the IRA exempt under Schedule B–4. On August 28, 1989, the Debtor amended his Schedule B–4 to declare the IRA exempt under WIS.STAT. 815.18(31). On December 1, 1989, the trustee citing *Matter of Woods,* 59 B.R. 221 (Bankr.W.D.Wis.1986) objected to the exemption of the IRA on the grounds that an IRA is not exempt as an employee retirement benefit under WIS.STAT. 815.18(31).

### ISSUES

Whether the Bankruptcy Court is powerless to decide a dispute between a debtor and a trustee regarding the validity of a debtor's claimed exemption simply because the trustee failed to timely object to the exemption.

Whether the Debtor's IRA is exempt under WIS.STAT. 815.18(31).

### STATUTES

Bankruptcy Rule 1009(a) states:

A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement to be amended and the clerk shall

give notice of the amendment to entities designated by the court.

Bankruptcy Rule 4003(b) states:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

11 U.S.C. § 105 states:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

WIS.STAT. 815.18 states in pertinent part:

### PROPERTY EXEMPT FROM EXECUTION

No property hereinafter mentioned shall be liable to seizure or sale on execution or on any provisional or final process issued from any court or any proceedings in aid thereof, except as otherwise specially provided in the statutes:

\*    \*    \*    \*    \*    \*

(31) EMPLOYEE RETIREMENT BENEFITS. (a) The term "plan" as used in this subsection means any retirement, pension, disability, death benefit, stock bonus or profit-sharing plan created by an employer for the exclusive benefit of himself, if self-employed or of some or all of his employes, or their dependents or beneficiaries, to which contributions are made by such employer, or employes, or both, for the purpose of distributing in accordance with such plan to such employes, or their dependents or beneficiaries, the earnings or the principal, or both, of a trust created as part of the plan, or annuity, insurance or other benefits under such a plan whether or not purchased by a trust; if it is impossible under a trust created as part of a plan at any time prior to the satisfaction of all liabilities with respect to employes and their dependents and beneficiaries under the trust, for any part of the principal or income to be at any time used for or diverted to purposes other than for the exclusive benefit of such employes, or their dependents or beneficiaries. The term "employer" as used in this subsection shall be deemed to include a group of employers creating a combined plan for the benefit of their employes or the beneficiaries of such employes.

(b) The income arising from any personal property held in any employes' trust created as part of a plan may be permitted to accumulate in accordance with the terms of said trust and the plan of which said trust forms a part for such time as may be necessary to accomplish the purposes for which such trust has been created. Any such employes' trust shall not be deemed to be invalid as violating the rule against perpetuities or any law or rule against perpetuities or the suspension of the power of alienation of title to property, but such a trust may continue for such time as may be necessary to accomplish the purposes for which it has been created.

(c) The interest of any person in any employes' benefit plan as defined in this subsection and any pension or other benefit derived therefrom shall not be subject to any garnishment, attachment, execution, sequestration, levy or any other legal or equitable process and no assignment of any such interest, pension or other benefit shall be valid or recognized.

### DISCUSSION

■ The Debtor argues that the Court must apply a two-part test when examining a trustee's objection to exemptions under the Bankruptcy Code: 1) whether the objection to the exemption was filed timely by the objecting party; 2) whether the claimed exemption is exempt under the law. The

Debtor argues that if the objection is not timely filed, the court may not reach the second part of the test because the objecting party has no standing to request such analysis. The Debtor cites *Matter of Brandstaetter*, 767 F.2d 324 (7th Cir.1985); *In re Woerner*, 66 B.R. 964 (Bankr.E.D.Pa. 1986); *In re Kretzer*, 48 B.R. 585 (Bankr.D. Nev.1985); and *Matter of Gullickson*, 39 B.R. 922 (Bankr.W.D.Wis.1984).

The trustee argues that failure to timely object to an exemption will not create an exemption which otherwise would have no legal basis. The trustee argues that a debtor must have a good-faith statutory basis for claiming an exemption. Debtors may not simply exempt property by claiming property as exempt. Accordingly, a failure to object to such an unlawful exemption will not transform an unlawful exemption into a lawful exemption. The trustee cites *Matter of Dembs*, 757 F.2d 777, at 780 (6th Cir.1985); *In re Ehr*, 116 B.R. 665 (Bankr.E.D.Wis.1988); *In re Rollins*, 63 B.R. 780, at 783 (Bankr.E.D.Tenn. 1986); and *In re Bennett*, 36 B.R. 893 (Bankr.W.D.Ky.1984) for support.

The cases cited by the Debtor do not support the Debtor's argument. While the facts in *Brandstaetter* were similar to the facts presently before the Court, neither the legal issue presented by the *Brandstaetter* case nor the legal reasoning used by the *Brandstaetter* court apply to the present case. The *Brandstaetter* case did not raise the issue of the Bankruptcy Court's power to prevent an abuse of process under 11 U.S.C. § 105 by deciding a dispute in an unsettled area of a state's

exemption law despite a party's failure to timely object. The *Brandstaetter* court did not decide whether the claimed exemption at issue was a valid exemption. Furthermore, the *Brandstaetter* court did not rely on the statutory deadline under Bankruptcy Rule 4003 or the Bankruptcy Court's deadline for filing objections. 767 F.2d at 327. The *Brandstaetter* court relied on the time limit for objections to discharge and exceptions to discharge in reasoning that the trustee filed an untimely objection.[1] *Id.* Accordingly, the decision in *Brandstaetter* does not control the present case.[2]

■ The Debtor's argument finds even less support in the Bankruptcy Code than it does in the cases cited. When stripped of its ersatz terms of art, the Debtor's argument is reduced to the following proposition: a debtor may claim an exemption for anything so long as the trustee fails to timely object. That which was claimed exempt is exempt by default and the Bankruptcy Court may not reach the merits of the case to prevent an abuse of process. The Debtor's argument fails for two reasons. First, a debtor may not claim as exempt anything he chooses. A debtor may only claim property listed under 11 U.S.C. § 522(b)(1) or (2) as exempt property. "A debtor cannot make property exempt simply by claiming it as exempt where there is no apparent legal basis for the exemption."[3] *In re Ehr*, 87-2974, slip op. (Bankr.E.D.Wis.1988); *In re Owen*, 74 B.R. 697 (Bankr.C.D.Ill.1987). *See also, Matter of Dembs*, 757 F.2d 777, at 780; *Bass v. Hall*, 79 B.R. 653 (W.D.Va.1987);

---

**1.** No statutory time limit for filing objections applied in *Brandstaetter* because the court believed that the newly promulgated Bankruptcy Rule 4003 should not apply retroactively. *Id.* at 327.

**2.** Neither *Matter of Gullickson, supra, In re Woerner, supra,* nor *In re Kretzer, supra,* considered the issue presently before this Court. The *Gullickson* court considered whether a creditor filed a timely objection to legally claimed exemptions *and* discussed the merits of the creditor's objections; the *Kretzer* court considered whether repossession of exempt property violated the automatic stay after the court issued the debtors' discharge; and the *Woerner*

court considered whether the debtor should be denied a discharge under 11 U.S.C. § 727(a)(4)(A) & (B) or the debt at issue should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

**3.** In *In re Ehr, supra,* the court disallowed the debtor's claimed exemption under 11 U.S.C. § 522(d)(5) because the value of the exemption exceeded the $4,150.00 allowed under the "wildcard" exemption. The court disallowed the debtor's attempt to take an unauthorized exemption despite the trustee's failure to timely object to the debtor's claimed exemption.

*In re Rollins*, 63 B.R. 780 (Bankr.E.D. Tenn.1986); and *In re Bennett*, 36 B.R. 893 (Bankr.W.D.Ky.1984). If, and only if, the property is exempt under 11 U.S.C. § 522(b)(1) or 522(b)(2), does failure to object turn claimed exemptions into exemptions. 11 U.S.C. § 522(*l*). Secondly, the Bankruptcy Court may take any action to prevent an abuse of process. 11 U.S.C. § 105. The Bankruptcy Court "has the inherent power to correct mistakes and errors in order to prevent manifest injustice." *In re Replogle*, 70 B.R. 444 (Bankr.D.Mont. 1987).

In the present case, for the Debtor to receive an exemption for property which may not be exempt under Wisconsin law simply because the trustee failed to timely object to the Debtor's exemption would be a manifest miscarriage of justice. Accordingly, this Court shall not allow the Debtor's exemption on the grounds that the trustee failed to timely object but shall look to the merits of the case.

The trustee citing *Matter of Woods*, 59 B.R. 221 (Bankr.W.D.Wis.1986) argues that an IRA is not exempt as an employee retirement benefit under WIS.STAT. 815.-18(31). However, the *Woods* court never reached the issue whether an IRA constitutes an exempt plan under WIS.STAT. 815.18(31). 59 B.R. at 223. The *Woods* court based its decision on narrower grounds: the debtor was not an "employer" or "self-employed" as required by the statute. *Id.*

■ The task for determining the meaning of WIS.STAT. 815.18(31) is aided by two maxims of statutory construction: 1) where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) *quoting Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917); and 2) exemption statutes shall be liberally construed in favor of the debtor. 59 B.R. at 224.

■ WIS.STAT. 815.18(31) is "exceptionally broad in scope." *Id.* WIS.STAT. 815.-18(31)(c) provides that the "interest of any person in any employes' benefit plan" is exempt from execution. The term "plan" means "any retirement, . . . plan created by an employer for the exclusive benefit of himself, if self-employed . . ." WIS.STAT. 815.18(31)(a). Retirement plan means "a systematic arrangement established by an employer for guaranteeing an income to employees upon retirement according to definitely established rules with or without employee contributions." WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY 1939 (1986). An IRA is a "trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries." 26 U.S.C. § 408(a). An IRA is designed to provide future income to retired persons. *In re Cilek*, 115 B.R. 974 (Bankr.W.D.Wis.1990). Keeping in mind that WIS.STAT. 815.18(31)(a) expands further the dictionary definitions of retirement plan and pension plan to include plans settled by the self-employed, clearly an IRA is a systematic arrangement for guaranteeing an income upon retirement according to definitely established rules. Accordingly, the Court holds that IRAs funded by self-employed persons are exempt under WIS.STAT. 815.18(31)(a) and that the Debtor's claimed exemption of an IRA is allowed.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.