**In re Camillo CESARE, Norma Cesare, Debtors.**

**Bankruptcy No. 2–92–00656.**

United States Bankruptcy Court, D. Connecticut.

July 1, 1994.

der Rule 12(b)(5). *See* Fed.R.Civ.P. 12(h)(1).

**38**

Martin W. Hoffman, Hartford, CT, for trustee.

Mark V. Oppenheimer, Waterbury, CT, for debtors.

*RULING AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION*

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### ISSUE

The issue to be determined by this ruling is whether a Chapter 7 debtor may exempt, under Code § 522(d)(10)(E), $15,000 held in an Individual Retirement Account (IRA), where the IRA was funded by a roll-over of a lump-sum payment made to the debtor by his employer when the employee pension plan terminated. The parties have submitted the matter by way of a stipulation of facts and memoranda of law.

## II.

### BACKGROUND

Camillo Cesare, the debtor, commenced a joint Chapter 7 case with his spouse on February 21, 1992. Among the debtor's assets is an IRA that was funded with the proceeds from a lump-sum payment made to the debtor when his employer terminated the company's pension plan in November 1991. The debtor has elected the federal exemptions and claims as exempt, pursuant to § 522(d)(10)(E), the IRA funds in the amount of $15,000. The trustee timely objected to this exemption claim.

The debtor and the trustee have stipulated that if "the pension plan [had] been in existence at the time of the filing of the petition, the [debtor] would have been able to claim it as exempt." Stipulation of Facts ¶ 4. The debtor does not contend that his IRA is independently exempt under § 522(d)(10)(E), *see In re Evenson,* 165 B.R. 27 (Bankr. E.D.Mich.1994) (IRA not exempt under § 522(d)(10)(E)); *In re Chick,* 135 B.R. 201 (Bankr.D.Conn.1991) (same), but argues instead that the *funds* held in the IRA are exempt due to the nature and source of the funds establishing the IRA. The sole question before the court, then, is whether the debtor's $15,000 in his IRA may be exempted because the debtor received the funds on account of his pension plan, which plan would have been exempt under § 522(d)(10)(E) had the debtor retained an interest in the plan until the petition was filed.

## III.

### DISCUSSION

Because a debtor's "right to an exemption is governed by statute," *In re Clark,*

711 F.2d 21, 23 (3d Cir.1983), the extent to which an exemption applies to property received in exchange for exempt property depends on the particular exemption statute and the legislative intent demonstrated by the statute. The general rule is that if property exempted by statute is exchanged for property not covered by any applicable exemption statute, the exemption is lost. *See, e.g., In re Ehrich,* 110 B.R. 424, 429 (Bankr. D.Minn.1990) (stating general rule that "where an exemption is based on the character of property, the cash proceeds of that property, or property with a different character which is purchased with such proceeds, does not enjoy a derivative exemption").

■ Section 522(d)(10)(E) provides that a debtor who resides in a state that has not opted out of the federal exemptions may exempt the following property:

(10) The *debtor's right to receive*—

(E) *a payment under a* stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length or service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. § 401(a), 403(a), 403(b), 408, or 409).

11 U.S.C. § 522(d)(10)(E). The highlighted provisions indicate that only a debtor's *right to receive* a payment under a qualifying plan or contract is exempted. Under the plain language of the statute, then, any funds due a debtor under such a plan or contract lose their exempt character once the debtor receives the funds. *See 2 Norton Bankruptcy Law and Practice 2d* § 46:17, at 46–36 (William L. Norton ed., 1994) ("[Section] 522(d)(10) exempt[s] '[t]he debtor's right to receive' the benefits and not benefits that have already been paid over to the debtor.").

This interpretation of § 522(d)(10) is supported by comparing its provisions with the provisions of § 522(d)(11). While § 522(d)(10) exempts only the debtor's *"right to receive"* certain property, § 522(d)(11) exempts both the debtor's right to receive property enumerated by the statute as well as any other *"property that is traceable to"* such property. Had Congress intended that the exemption provided by § 522(d)(10) include any property purchased with proceeds received on account of the exempted property, it would have provided for such a continued exemption as it did in § 522(d)(11).[1]

Several court decisions support the conclusion that § 522(d)(10)(E) does not exempt funds held by a debtor on account of a payment from a qualifying retirement plan. For example, in *Education Assistance Corp. v. Zellner,* 827 F.2d 1222 (8th Cir.1987), a Chapter 13 debtor received postpetition a $6,000 lump-sum payment on account of his retirement fund. Reviewing the bankruptcy court's determination that the debtor's plan met the "best interests of creditors" test, the Eighth Circuit stated that "[e]ven if we could conclude that [the debtor's] interest in the retirement fund was exempt property before he received the $6,000 ..., once [the debtor] received the money and transferred it into an IRA it clearly became non-exempt property of the estate." *Id.* at 1225. *Cf. also In re McGoy,* 86 B.R. 174, 176 (Bankr.E.D.Mo. 1988) (interpreting Missouri state exemption statute identical to § 522(d)(10)(E) and denying debtor's exemption of stock certificates received on account of stock ownership plan

---

1. In other federal nonbankruptcy statutes exempting certain government benefits from creditor process, Congress has provided, using language substantially different than the language in § 522(d)(10), that the exemption runs to proceeds held by the beneficiary. *See, e.g.,* 42 U.S.C. § 407(a) (providing in the case of social security benefits that *"[n]one of the moneys paid ... shall* be subject to execution, levy, attachment, garnishment, or other legal process"); *see also Philpott v. Essex County Welfare Bd.,* 409 U.S. 413, 416, 93 S.Ct. 590, 592, 34 L.Ed.2d 608 (1973) (holding that social security benefits paid to beneficiary retained their exempt status pursuant to § 407 so long as the funds were invested such that they remained "readily withdrawable").

because debtor had already received the property, and the statute exempted only the right to receive the property, not the property once it had been received).

A Massachusetts bankruptcy court similarly held, in an opinion issued before the Supreme Court's decision in *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), that once an ERISA-plan beneficiary receives a lump-sum payment on account of the ERISA plan, the beneficiary can no longer claim the funds as exempt pursuant to § 522(b)(2)(A) and ERISA's antialienation provision, 29 U.S.C. § 1056(d)(1). *See In re Toone*, 140 B.R. 605, 607 (Bankr. D.Mass.1992); *cf. also Tenneco Inc. v. First Va. Bank.*, 698 F.2d 688, 690–91 (4th Cir. 1983) (rejecting assertion "that any funds or securities whose origin may be traced to a preretirement draw from an ERISA approved plan are forever immune from attachment by creditors").

The only case cited by the debtor as support for his assertion that the exemption remains after the debtor withdrew and reinvested his lump-sum pension payment is *In re Woods*, 59 B.R. 221 (Bankr.W.D.Wis.1986). In *Woods*, the bankruptcy court, interpreting a Wisconsin exemption statute, held that funds received by the debtor on account of a lump-sum distribution of his interest in an exempt pension plan and held in an IRA were exempt. The court determined that the Wisconsin statute continued to exempt pension-plan proceeds after receipt by the beneficiary. Because the exemption statute in *Woods* differs substantially from § 522(d)(10), the holding in that case is inapposite to the present matter.[2]

Notwithstanding the specific language of § 522(d)(10), the debtor argues that whenever a debtor rolls over funds from an exempt pension plan to an IRA, "equity dictates that the exemption should remain." Debtor's Brief at 2. "Whatever the 'equitable' considerations to which [the debtor] refers, ... his right to an exemption is governed by statute, and ... none of the statutory exemption provisions applies...." *In re Clark*, 711

F.2d at 23. *But cf. In re Donaghy*, 11 B.R. 677, 678–80 (Bankr.S.D.N.Y.1981) (holding, in a case where debtor elected, for reasons of ill health and in order to meet present needs, to take pension benefits in one lump-sum payment three weeks before filing bankruptcy petition, that the proceeds would retain the exempt status provided by § 522(d)(10)(E) because they were a "tangible reflection of 'the debtor's right to receive ... a payment under a ... pension ... plan' "). The debtor has presented no evidence indicating that special circumstances exist, such as those present in the *Donaghy* case, for the court to determine that the funds in the IRA are exempt. *See In re McGoy*, 86 B.R. at 176 (stating that the equitable determination made in *Donaghy* cannot be extended beyond the specific circumstances presented in that case and declining to "exercise its powers of equity and enter an order which is contrary to the language of [the applicable exemption statute]").

## IV.

### CONCLUSION

The trustee's objection to the debtor's exemption of the IRA funds is sustained. An appropriate order denying the debtor's exemption shall enter. It is

SO ORDERED.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED EXEMPTIONS

The trustee's objection to the debtor's amended exemption of $15,000 held in his Individual Retirement Account having been heard, and the court having rendered a ruling sustaining the objection, it is

ORDERED that the debtor's amended exemption of $15,000 held in his Individual Retirement Account is denied.

---

**2.** The Wisconsin statute interpreted by the *Woods* court exempted "[t]he interest of any person in any employee's benefit plan ... and any pension or other benefit derived therefrom...." *Id.* at

223 n. 1. Section 522(d)(10), on the other hand, exempts only the "debtor's right to receive ... a payment under" a qualifying plan or contract. 11 U.S.C. § 522(d)(10)(E).