**In re David Reynolds CHAPMAN, Linda Ruth Chapman, Debtors.**

**Bankruptcy No. 2-94-01330.**

United States Bankruptcy Court, D. Connecticut.

Dec. 19, 1994.

Ronald I. Chorches, Chorches & Novak, P.C., Wethersfield, CT, for Anthony S. Novak, Trustee.

Douglas J. McDade, David M.S. Shaiken, P.C., Hartford, CT, for debtors.

---

**38.** 10A CHARLES A. WRIGHT, ARTHUR R. MILLER AND MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE: § 2720 (2d ed. 1983).

## MEMORANDUM OF DECISION RE: TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION UNDER CODE § 522(d)(10)(C)

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

The issue presented is whether Bankruptcy Code § 522(d)(10)(C) permits a debtor to exempt from the bankruptcy estate a $25,000 insurance disability payment received nine days prior to the filing of his petition, where the payment remained segregated in the debtor's bank account on the date of filing. The parties have submitted the issue by way of a stipulation of facts and memoranda of law.

### II.

### BACKGROUND

David Reynolds Chapman, one of the debtors in this Chapter 7 case (the debtor), was involved in an automobile accident on November 24, 1992, and suffered injuries, including the loss of his left eye. The debtor was covered by, and submitted a claim under, a Group Accidental Death and Dismemberment insurance contract. On March 28, 1994, the insurer sent the debtor a disability benefits check in the amount of $25,000 representing the benefit for loss of the eye. On April 5, 1994, the debtor opened an account at Eagle Federal Savings Bank, and deposited this check. The debtor has deposited no other money into this account.

On April 14, 1994, the debtor and Linda Chapman filed a joint petition under Chapter 7. In his schedules, the debtor claimed as exempt pursuant to Code § 522(d)(10)(C) the bank account holding the disability benefit proceeds. The trustee thereafter timely filed an objection to this exemption.

1. This section provides an exemption for "[t]he debtor's right to receive ... a payment under a

### III.

### DISCUSSION

Section 522(d)(10)(C) permits a debtor to exempt from property of the estate "[t]he debtor's right to receive ... (C) a disability, illness or unemployment benefit...." The debtor invokes this provision to exempt from property of the estate the $25,000 disability payment. The trustee contends that this provision creates an exemption only for the debtor's *right to receive* a disability benefit, and that a benefit payment received by the debtor prepetition, even if identifiable postpetition, is not within the scope of this exemption.

The debtor, in support of the exemption, relies on *In re Donaghy*, 11 B.R. 677 (Bankr. S.D.N.Y.1981). In *Donaghy*, debtors received a lump sum pension benefit of $21,992.87 three weeks before filing their joint bankruptcy petition. The debtors placed these funds in a bank account. In their schedules the debtors identified the account as accrued pension benefits, and claimed an exemption under Code § 522(d)(10)(E).[1] The trustee objected to this exemption on the basis that the debtors had no "right to receive" a pension plan payment because the money had been disbursed to them three weeks prior to commencement of the case. The court allowed the exemption, concluding that:

> The identifiable sum, although received by the debtors before they could file their joint petition, is a tangible reflection of "the debtor's right to receive ... a payment under a ... pension ... plan" within the literal language of Code § 522(d)(10)(E) and in the spirit of the Congressional intent to exempt qualified pension benefits that are "akin to future earnings of the debtor."

*Donaghy*, 11 B.R. at 680 (citation omitted).

The trustee, in his objection, relies on this court's recent ruling in *In re Cesare*, 170 B.R. 37 (Bankr.D.Conn.1994) (appeal pending). In *Cesare*, the debtor claimed as exempt an individual retirement account (IRA). The IRA was funded by a prepetition lump

stock bonus, pension, profit-sharing, annuity or similar plan or contract...."

sum payment from the employer when a company pension plan terminated. The ruling cast the issue as "whether the debtor's $15,000 in his IRA may be exempted because the debtor received the funds on account of his pension plan, which plan would have been exempt under § 522(d)(10)(E) had the debtor retained an interest in the plan until the petition was filed." *Id.* at 38. Reasoning that the plain language of Bankruptcy Code provides an exemption only for "a debtor's *right to receive* a payment under a qualifying plan or contract," the ruling concluded that "any funds due a debtor under such a plan or contract lose their exempt character once the debtor receives the funds." *Id.* at 39 (citation omitted).

The *Cesare* opinion further supported this result by comparing the exemptions afforded under § 522(d)(10) with those under § 522(d)(11):

> While § 522(d)(10) exempts only the debtor's *"right to receive"* certain property, § 522(d)(11) exempts both the debtor's right to receive property enumerated by the statute as well as any other *"property that is traceable to"* such property. Had Congress intended that the exemption provided by § 522(d)(10) include any property purchased with proceeds received on account of the exempted property, it would have provided for such a continued exemption as it did in § 522(d)(11).

*Cesare*, 170 B.R. at 39.

The court believes, after further reflection, that *Cesare* was correctly decided, and its rationale and the authorities cited therein are dispositive of the present dispute. As in *Cesare*, the debtor here received the payment sought to be exempted prior to filing his bankruptcy petition. On the filing date, the debtor thus had no "right to receive" a payment on which to base a valid exemption, because a right to receive logically terminates upon receipt. Further, there is no allegation of special circumstances in the parties' stipulation, such as those relied upon in *Donaghy* (unemployed, elderly debtors, with husband inflicted with emphysema and cancer-stricken wife) to justify the exemption. *Cf. In re McGoy,* 86 B.R. 174, 176 (Bankr. E.D.Mo.1988) (stating that the *Donaghy* rul-

ing "cannot be extended beyond the specific circumstances" of that case).

## IV.

## CONCLUSION

The trustee's objection to the debtor's claimed exemption of the bank account containing the funds from the disability payment must be, and hereby is, sustained. It is

SO ORDERED.